IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | | |
|---|---|---|
| GENWORTH LIFE AND ANNUITY INSURANCE COMPANY, | ) ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| v. | ) ) | |
| JUDY MCELROY and SUE ANN GLASCOTT, | ) ) ) ) | |
| Defendants. | ) | |

## COMPLAINT IN INTERPLEADER

Plaintiff Genworth Life and Annuity Insurance Company ("Genworth") files this Complaint in Interpleader and states as follows:

### Parties

1. Genworth is a corporation organized under Virginia law with its principal place of business in Glen Allen, Virginia. Genworth is authorized to do business in North Carolina.

2. Upon information and belief, defendant Judy McElroy ("Mrs. McElroy") is the surviving spouse of Jerry P. McElroy ("the Decedent") and a citizen and resident of Waynesville, North Carolina. Mrs. McElroy is subject to the jurisdiction of this Court.

3. Upon information and belief, defendant Sue Ann Glascott ("Ms. Glascott") is the former spouse of the Decedent and a citizen and resident of Franklin, North Carolina. Ms. Glascott is subject to the jurisdiction of this Court.

## Jurisdiction and Venue

4. This Court has original jurisdiction over this action pursuant to 29 U.S.C. § 1132(e)(1) and 28 U.S.C. § 1331, because the action arises under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001, *et seq.*, a law of the United States. Further, this is an interpleader action pursuant to Rule 22 of the Federal Rules of Civil Procedure.

5. Venue is proper pursuant to 29 U.S.C. § 1132(e)(2), 28 U.S.C. §1397, and 28 U.S.C. §1391(b), because both Defendants reside in this district and a substantial part of the events giving rise to this action occurred in this district.

## Facts

6. The Decedent was an employee of Day International Corporation (the "Employer") and a participant in an ERISA-governed employee welfare benefit plan sponsored and maintained by the Employer (the "Plan").

7. Under the Plan, the Decedent was entitled to pension benefits via an annuity contract that the Employer entered into with United Pacific Life Insurance Company in 1989 (the "Annuity Contract"). **Exhibit A**.

8. Genworth is the current claims fiduciary responsible for the administration of claims in accordance with ERISA and the applicable Plan/Annuity Contract documents.

9. The Annuity Contract provided for several payout options for participants, including joint and contingent annuities.

10. The Decedent retired from the Employer on July 31, 2003, and made a benefit election under the Plan and Annuity Contract for payment of pension benefits under a joint and contingent annuity. **Exhibit B**.

11. The Decedent designated his then-wife, Ms. Glascott, as a joint annuitant. *Id.*

12. By letter dated May 30, 2003, Genworth's predecessor issued a letter to the Decedent confirming that he would receive a monthly benefit in the initial amount of $399.70 under a 100% joint and contingent life cash refund annuity. **Exhibit C**.

13. On or around January 11, 2006, the Decedent and Ms. Glascott divorced.

14. Thereafter, the Decedent married Mrs. McElroy.

15. On or around June 9, 2014, the Decedent sent a letter to the Pension Benefit Guaranty Corporation Benefits Administration and Payment Department directing that the beneficiary of "any retirement at [his] death" be changed from Ms. Glascott to Mrs. McElroy. **Exhibit D**.

16. Upon information and belief, neither the Decedent nor Ms. Glascott formally changed or rescinded her status as joint annuitant under the Plan or Annuity Contract.

17. On November 22, 2024, the Decedent passed away. At the time of his death, he and Mrs. McElroy remained married.

18. Following the Decedent's passing, Ms. Glascott applied for his remaining pension benefits as joint annuitant.

19. Beginning in December 2024, Mrs. McElroy provided information to Genworth regarding the Decedent's divorce from Ms. Glascott, including correspondence between attorneys involved in the divorce, and asserted that Ms. Glascott had revoked or

repudiated any right to the Decedent's pension benefits, including any rights as joint annuitant under the Annuity Contract, as part of the divorce.

20. However, despite requests from Genworth to Ms. Glascott and Mrs. McElroy, no further information has been received. In July 2025, Ms. Glascott averred in a letter to Genworth that there was no property settlement in her divorce with the Decedent, because there was "no property to divide" and she and the Decedent "verbally agreed that [they] would just go [their] separate ways with each of [them] taking [their] personal property." **Exhibit E**.

## Cause of Action in Interpleader

21. Genworth adopts and incorporates by reference Paragraphs 1 through 21 above as if set forth herein verbatim.

22. At this time, Genworth cannot safely determine which of Mrs. McElroy or Ms. Glascott is entitled to the Proceeds under the Plan and/or Annuity Contract following his passing.

23. As a mere stakeholder, Genworth has no interest in the Proceeds (except to recover its attorney's fees and costs of this action).

24. Genworth therefore respectfully requests that this Court allow this interpleader action to proceed, and to determine to whom the Proceeds should be paid.

25. Genworth is ready, willing, and able to pay the Proceeds that have accrued in accordance with the terms of the Plan and/or Annuity Contract, in such amounts and to whichever Defendant(s) the Court shall designate.

26. Genworth will deposit into the Registry of the Court the Proceeds accrued to date, plus any applicable interest due and owing under the terms of the Policies, for disbursement in accordance with the Judgment of this Court and make subsequently due and owing payments to whomever the Court determines is the proper recipient.

WHEREFORE, Genworth requests that this Court enter judgment as follows:

(i) Restraining and enjoining the Defendants by Order and Injunction of this Court from instituting any action or proceeding in any state or United States court against Genworth, the Employer or its successors, or the Plan or its successors for the recovery of the Proceeds, plus any applicable interest, by reason of the death of the Decedent;

(ii) Requiring that Defendants litigate or settle and agree between themselves their claims for the Proceeds, or upon their failure to do so, that this Court settle and adjust their claims and determine to whom the Proceeds, plus any applicable interest, should be paid;

(iii) Permitting Genworth to pay into the Registry of the Court the accrued Proceeds, plus any applicable interest;

(iv) Dismissing Genworth with prejudice from this action and discharging Genworth, the Employer, and the Plan from any further liability upon payment of the Proceeds, plus any applicable interest into the Registry of this Court, or as otherwise directed by this Court;

(v) Awarding Genworth its costs and attorney's fees; and

(vi) Awarding Genworth such other and further relief as this Court deems just equitable and proper.

This 12th day of August, 2025.

**WOMBLE BOND DICKINSON (US) LLP**

By: */s/ Ian R. Dickinson*
Ian R. Dickinson (N.C. Bar No. 62217)
201 E. Main Street, Suite P
Charlottesville, VA 22902
Telephone: (202) 857-4463
Facsimile: (202) 261-0053
Email: ian.dickinson@wbd-us.com

*Attorney for Genworth Life and Annuity Insurance Company*